# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABNER LISTER, | CASE NO. 1:06-cv-01748-OWW DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| D. THOMPSON, et al., | (Docs. 1, 8) |
| Defendants. | |

I.  Screening Order

    A.  Screening Requirement

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 4, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

1

506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

        B.        Plaintiff's Claims

The events at issue in this action allegedly occurred while plaintiff was incarcerated at the Sierra Conservation Center. Plaintiff is seeking money damages. Plaintiff names prison staff members D. Thompson, J. Andrade, and Rick Manuel as defendants.

Plaintiff alleges that on April 10, 2006, defendants Thompson and Andrade refused to notarize a document that plaintiff needed to send to the appellate court. Plaintiff was told he had insufficient funds in his trust account. Plaintiff requested that his trust account be frozen and that as soon as funds were deposited he would allow authorities to withdraw the notary fee. Plaintiff's request was denied.

    The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution .

2

. . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted.) "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002). For backward-looking claims such as that at issue here, plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." Phillips v. Hust, No. 04-36021, 2007 WL 446593, at *3 (9th Cir. Feb. 13, 2007).

1       The first element requires that plaintiff show he suffered an "actual injury" by being shut out
2 of court. Harbury 536 U.S. at 415; Lewis, 518 U.S. at 351; Phillips, 2007 WL 446593, at *3. The
3 second element requires that plaintiff show defendants proximately caused the alleged violation of
4 plaintiff's rights, "[t]he touchstone . . . [for which] is foreseeability." Id. Finally, the third element
5 requires that plaintiff show he has no other remedy than the relief available via *this* suit for denial
6 of access to the courts. Id. at *6.

7       Although the court is mindful that the federal system is one of notice pleading, Fed. R. Civ.
8 P. 8(a), plaintiff must allege some facts that would support a claim for relief under section 1983 for
9 denial of access to the courts. Plaintiff has not done so. The court has supplied plaintiff with the
10 requisite legal standard and will permit plaintiff the opportunity to file an amended complaint, in the
11 event that plaintiff believes in good faith he has a cognizable access claim.
12 defendants. However, plaintiff should not argue and should not set forth a lengthy description of
13 immaterial facts.

14       C.      Conclusion

15       The court finds that plaintiff's complaint does not state any claims upon which relief may be
16 granted under section 1983. The court will provide plaintiff with the opportunity to file an amended
17 complaint curing the deficiencies identified by the court in this order.

18       Plaintiff is informed he must demonstrate in his complaint how the conditions complained
19 of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d
20 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is
21 involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
22 connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S.
23 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,
24 743 (9th Cir. 1978).

25       Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be
26 complete in itself without reference to any prior pleading. As a general rule, an amended complaint
27 supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once
28 plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim upon which relief may be granted;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and
4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: **October 9, 2007**          /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE