**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABNER LISTER,<br><br>        Plaintiff,<br><br>   v.<br><br>D. THOMPSON, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:06-cv-01748-OWW DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RE DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM |

I.    <u>Screening Order</u>

    A.    <u>Screening Requirement</u>

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 4, 2006 and filed an amended complaint on November 10, 2007.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

1  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
2  506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short
3  and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro.
4  8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is
5  and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a
6  complaint only if it is clear that no relief could be granted under any set of facts that could be proved
7  consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately
8  prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may
9  appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the
10 test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S.
11 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need
12 suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262
13 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a
14 plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal
15 interpretation of a civil rights complaint may not supply essential elements of the claim that were not
16 initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting
17 Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

18       B.    Plaintiff's Claims

19       The events at issue in this action allegedly occurred while plaintiff was incarcerated at the
20 Sierra Conservation Center. Plaintiff is seeking money damages. Plaintiff names prison staff
21 members D. Thompson, J. Andrade, and Rick Manuel as defendants.

22       Plaintiff alleges that on April 10, 2006, defendants Thompson and Andrade refused to
23 notarize a document that plaintiff needed to send to the appellate court. Plaintiff was told he had
24 insufficient funds in his trust account. Plaintiff requested that his trust account be frozen and that
25 as soon as funds were deposited he would allow authorities to withdraw the notary fee. Plaintiff's
26 request was denied.

27       The Civil Rights Act under which this action was filed provides:
28            Every person who, under color of [state law] . . . subjects, or causes

> to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted.) "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002). For backward-looking claims such as that at issue here, plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." Phillips v. Hust, No. 04-36021, 2007

WL 446593, at *3 (9th Cir. Feb. 13, 2007).

The first element requires that plaintiff show he suffered an "actual injury" by being shut out of court. Harbury 536 U.S. at 415; Lewis, 518 U.S. at 351; Phillips, 2007 WL 446593, at *3. The second element requires that plaintiff show defendants proximately caused the alleged violation of plaintiff's rights, "[t]he touchstone . . . [for which] is foreseeability." Id. Finally, the third element requires that plaintiff show he has no other remedy than the relief available via *this* suit for denial of access to the courts. Id. at *6.

Plaintiff has failed to allege sufficient facts to state a cognizable claim for denial of his constitutional right of access to the courts. Plaintiff has failed to allege an actual injury by being shut out of court. Although Plaintiff alleges that he was unable to file a supplemental brief, he does not allege that his ability to do so caused his case to be dismissed. Indeed, plaintiff alleges that the Court ruled on his appeal. A claim for violation of this right accrues only when and if plaintiff suffers an actual injury with respect to a direct criminal appeal, a habeas petition, or a civil rights suit. Harbury, 536 U.S. at 315; Lewis, 518 U.S. at 351, 354. The Constitution does not provide plaintiff with any guarantee that he may file unlimited pleadings. Plaintiff has not alleged any facts supporting a claim that he has suffered any actual injury as a result of defendants' actions. Because plaintiff again fails to state a claim upon which relief may be granted under section 1983, the court recommends that this action be dismissed, with prejudice.

C.   Conclusion

The court finds that plaintiff's amended complaint does not state a claim upon which relief may be granted under section 1983 for denial of access to the courts. The court previously provided plaintiff with the opportunity to cure the deficiencies in his claim, but plaintiff was unable to do so in his amended complaint. Accordingly, the court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted under section 1983 for denial of access to the courts. This dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**

**days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **June 26, 2008**                          <u>      /s/ **Dennis L. Beck**      </u>
                                                                    UNITED STATES MAGISTRATE JUDGE